IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| R. NEAL MYNATT, | ) | |
| INDIVIDUALLY AND ON BEHALF OF | ) | CIVIL ACTION NO. |
| ALL OTHER SIMILARLY SITUATED | ) | |
| CURRENT AND FORMER | ) | |
| EMPLOYEES, | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| BRIDGES OF HOPE RESIDENTIAL | ) | |
| RECOVERY CENTER, | ) | |
| AN UNINCORPORATED ENTITY, | ) | |
| BRIDGES OF HOPE CHARITABLE | ) | |
| TRUST, A GEORGIA NON-PROFIT | ) | |
| CHARITABLE TRUST, AND | ) | |
| WINFRED MURPHY, AN INDIVIDUAL, | ) | |
| | ) | |
| **DEFENDANTS**. | ) | |
| | ) | |
| _____ | ) | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff, R. Neal Mynatt, individually, and on behalf of all

others similarly situated, and hereby files his Collective Action Complaint against

Bridges of Hope Residential Recovery Center, an unincorporated entity, Bridges of

Hope Charitable Trust, a Georgia non-profit charitable trust and Winfred Murphy,

individually, and alleges as follows:

## I. INTRODUCTION

1. R. Neal Mynatt, hereafter "Plaintiff," was employed by Defendants ("Bridges" or "Defendants") within the past three (3) years.

2. This lawsuit is brought against Bridges as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid minimum wages and unpaid overtime compensation for the Named Plaintiff and others similarly situated.

3. Plaintiff and members of the collective have been employed by Bridges at various times and some are currently still employed by Bridges and have continued to work for Bridges during such time.

4. Based on the information preliminarily available, and subject to discovery in this cause, Bridges did not compensate Plaintiff and those similarly situated employees of Bridges all minimum wages and for all overtime hours worked in excess of forty (40) per week during all times relevant to this Complaint.

## II. JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c)

because Bridges is located in this district, Bridges regularly conducts business in this district, and Bridges' wage and hour plans, policies, and practices were established and administered in this district. Bridges has violated, and continues to violate, the FLSA from its headquarters and center of operations located in this district, at all times relevant to this Complaint. Defendant Winfred Murphy ("Murphy") who is the Executive Director of the Bridges entities, during times relevant to this Complaint, and was/is responsible for establishing and administering Bridges' wage and hour plans, policies and practices at all times material to this Complaint and upon information and belief, resides in this district.

### III. COLLECTIVE DESCRIPTION

7. Plaintiff brings this action on behalf of the following similarly situated persons:

> All current and former individuals  classified as Office Assistants, House Keeping Crew, Kitchen Crew, Maintenance Crew, Ground Crew, Garden Crew, and Outside Work Crew at any of Bridges' facilities at any time during the applicable limitation's period covered by this Complaint (*i.e.* two years for FLSA  violations and, three years for  willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the collective").[1]

---

[1] Plaintiff reserves the right to modify or amend the Collective Description upon newly discovered information gathered through the discovery process.

## IV. PARTIES

8. Upon information and belief, Defendant Bridges of Hope Residential Recovery Center is an unincorporated business entity operating in the state of Georgia with its principal executive office and center of operations located at 1326 Antioch Rd, Homerville, Georgia 31634.

9. Upon information and belief, Defendant Bridges of Hope Charitable Trust is a Georgia non-profit charitable trust with its principal executive office located at 1326 Antioch Church Road, Homerville, Georgia 31634. According to a recent IRS Form 990 "[t]he Bridges of Hope is a long term residential alcohol and drug recovery program. The residents are assigned working duties as part of the program, which includes groundskeeping, cooking, cleaning, maintenance, gardening, as well as off campus work as it is available."

10. Defendant Murphy is an adult individual and resident of the State of Georgia and who, at times relevant to this Complaint, has been the Executive Director of Bridges and has exercised operational control over Bridges, including control over its compensation policies, finances, the authority to hire and fire employees and the authority to admit and remove individuals from Bridges, at all times material herein. Defendant Murphy

4

also arranged outside or off campus work with third parties for putative class members.

11. Plaintiff Mynatt is an adult resident citizen of the state of Tennessee who was employed by Bridges in Georgia in the capacities of a Kitchen Crew employee, Office Assistant and others at various times. Mr. Mynatt's Consent to Join is attached hereto as *Collective Exhibit A*.

12. Anticipated opt-in plaintiffs are adults who were (or are) employed by Bridges as Office Assistants, House Keeping/Cleaning Crew, Kitchen Crew, Maintenance Crew, Grounds Crew, Garden Crew, and Outside or Off Campus Work Crew (together "the putative collective") in Georgia within the last three (3) years.

## V. ALLEGATIONS

13. Bridges owns and operates group home facilities in several cities across Georgia including Alamo, Chauncey, Homerville, Morven, and Louisville.

14. The primary function of Bridges is to provide alcohol and drug addiction recovery support and accountability mechanisms for recovering addicts, as well as lodging and employment opportunities. Bridges is and/or has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Complaint.

15. Plaintiff and the putative collective are current or former employees of

Defendants.

16. Defendants employed Plaintiff and those similarly situated and was responsible for establishing and administering pay policies and practices, including pay classifications and pay rates, during all times relevant to this Complaint.

17. Decisions regarding Plaintiff and other members of the collective's compensation and other terms of employment were made through a centralized management office of Bridges' headquarters located in Homerville, Georgia under the direction and control of Defendant Murphy.

18. Defendants had/have a centralized practice of failing to pay their Office Assistants, House Keeping/Cleaning Crew, Kitchen Crew, Maintenance Crew, Grounds Crew, Garden Crew, and Outside/Off Campus Work Crew workers with all minimum wages and overtime guaranteed to them under the FLSA.

19. At all times material to this action, Plaintiff and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(l) of the FLSA and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

20. At all times material to this action, Bridges has been an enterprise engaged in commerce or in the production of goods for commerce as defined by

Section 203(s)(l) of the FLSA, with annual revenue in excess of $500,000.00.  At all times material to this action, Bridges has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

21. Throughout the recovery period applicable to this action, Defendant Murphy exercised operational control over the business activities and operations of the Bridges entities, including control over the members of the putative collective.

22. In particular, Defendant Murphy directed and controlled work performed by Plaintiff and all other employees who worked for Defendants; hired and fired employees; and implemented, approved, and/or ratified the policy of failing to pay overtime and minimum wages to Plaintiff and other current and former employees.

23. Throughout the recovery period applicable to this action, Defendant Murphy was fully aware that Plaintiff and similarly-situated employees were not paid overtime for each hour of compensable work they performed over forty (40) in single workweeks while in Defendants' employ. Defendant Murphy was likewise aware that Defendants failed to pay them all minimum wages guaranteed to them by the FLSA.

24. Accordingly, Defendant Murphy acted "directly or indirectly in the interest

7

of an employer in relation to" the Named Plaintiff and similarly situated employees within the meaning of §203(d) of the FLSA, and is thus individually and personally liable for the unpaid overtime wages, liquidated damages, costs and attorneys' fees, and any and all other relief sought herein.

25. The members of the putative collective's primary duties were/are non-managerial in nature.

26. Upon information and belief, Defendants failed to pay Plaintiff and other similarly situated employees classified as Office Assistants, House Keeping Crew, Kitchen Crew, Maintenance Crew, Ground Crew, and Garden Crew *at all* for any hours worked "on site" at a Bridges facility.

27. Further, Defendants also required a "kick back" (or *de facto* deduction) from workers' wages it employed on the Outside/Off Campus Work Crew. Defendants would assign these individuals work with a third party at a rate of $8.00 per hour (mandated by Defendants).[2] Defendants deducted $4.00 per hour and paid it to the Bridges of Hope Charitable Trust, effectively reducing the Outside/Off campus Work Crew employees' rates of pay to

---

[2] The third parties assigned to the Outside/Off Campus Work Crew included both public and private entities. On some occasions the third party would pay the Defendants directly for the work performed by the Outside/Off Campus Work Crew. On these occasions the Defendants would deduct $4.00 per hour worked from the wages of the Outside/Off Campus Work Crew.

$4.00 an hour.

28. This scheme violated the "free and clear" provisions of the FLSA. *See* 29 C.F.R. § 531.35.

29. Defendants did not track and/or report hours worked by the putative collective.

30. Defendants failed to pay Plaintiff and the putative collective overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period.

31. Plaintiff and the members of the putative collectively regularly and consistently worked in excess of forty (40) hours per week for Defendants, yet were never paid at a rate of one and one-half times their regular rate of pay (and, in many cases, *received no compensation at all*).

32. The net effect of Bridges' plan, policy, and practice of not paying Plaintiff and the putative collective overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations' period, was a scheme to save actual payroll, payroll costs and payroll taxes for which Bridges have enjoyed ill-gained profits at the expense of Plaintiff and other members of the collective.

33. Although at this stage Plaintiff is unable to state the exact amount owed to himself and other members of the collective, he believes such information

will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

34. Plaintiff, on behalf of himself and the collective, repeats and re-alleges each preceding paragraph as if they were fully set forth herein.

35. At all relevant times, Bridges has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiff and collective members also have engaged in interstate commerce during all relevant times to this Complaint.

36. At all relevant times, Bridges employed (and/or continues to employ) Plaintiff and each of the other members of the collective within the meaning of the FLSA.

37. At all times relevant, Bridges had a uniform plan, policy and practice of willfully refusing to pay the federal applicable overtime compensation to Plaintiff and other members of the collective for all hours worked in excess of forty (40) hours per week.

38. At all times relevant, Bridges had actual and/or constructive knowledge of

willfully refusing to pay the federal applicable overtime compensation to Plaintiff and other members of the collective for all hours worked in excess of forty (40) hours per week.

39. At all times relevant, Bridges did not have a good faith basis for their failure to pay the federal applicable overtime compensation to Plaintiff and other members of the collective for all hours worked in excess of forty (40) hours per week.

40. As a result of Bridges' willful failure to pay Plaintiff and other members of the collective the applicable federal applicable overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitation's period, they have violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

41. Bridges' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

42. Due to Bridges' willful FLSA violations and, and their lack of good faith, in their failure to pay Plaintiff and the other members of the collective the federal applicable  overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period, they are entitled to recover from Bridges compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action

for the three (3) year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT II
## RECOVERY OF MINIMUM WAGE

43. Plaintiff, on behalf of himself and the collective, repeats and re-alleges each preceding paragraph as if they were fully set forth herein.

44. At all relevant times, Bridges has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiff and collective members also have engaged in interstate commerce during all relevant times to this Complaint.

45. At all relevant times, Bridges employed (and/or continues to employ) Plaintiffs and each of the other members of the collective within the meaning of the FLSA.

46. At all times relevant, Bridges had a uniform plan, policy and practice of willfully refusing to pay the federal applicable minimum wage to Plaintiff and other members of the collective for all hours worked as Office Assistants, House Keeping Crew, Kitchen Crew, Maintenance Crew, Ground Crew, Garden Crew, and Outside Work Crew.

47. At all times relevant, Bridges had actual and/or constructive knowledge of willfully refusing to pay the federal applicable minimum wage to Plaintiff and other members of the collective for all hours worked per week.

48. At all times relevant, Bridges did not have a good faith basis for their failure

to pay the federal applicable minimum wage to Plaintiff and other members of the collective for all hours worked per week.

49. As a result of Bridges' willful failure to pay Plaintiff and other members of the collective the applicable federal applicable minimum wage for all hours worked per week during the relevant statutory limitations' period, they have violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

50. Bridges' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. Due to Bridges' willful FLSA violations and, and their lack of good faith, in their failure to pay Plaintiff and the other members of the collective the federal applicable minimum wage of $7.25 per hour, they are entitled to recover from Bridges compensation for unpaid minimum wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three (3) year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and/or on behalf of himself and all other similarly situated members of the collective demand judgment, jointly and severally, against Defendants and:

A. Designation of this cause as a collective action on behalf of the collective

and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising collective members of the pendency of this action and permitting other members of the collective to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime and minimum wages to Plaintiffs and other members of the collective;

C. An award of liquidated damages to Plaintiff and other members of the collective;

D. An award of prejudgment (to the extent that liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff and other members of the collective;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the collective;

F. A ruling that the three (3) year statutory period for willful violations under the FLSA shall apply in this action;

G. A Declaration that Plaintiff and other members of the collective were/are not exempt and are entitled to unpaid overtime damages to be proven at trial;

H. A Declaration that Plaintiff and other members of the collective were/are not exempt and are entitled to unpaid minimum wage damages to be proven at trial;

I. Allow Plaintiff to amend the Complaint, if necessary, as new facts are discovered;

J. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted this 26th day of July, 2022.

/s/ John W. Roper
John W. Roper
Georgia Bar No. 614159
**The Roper Law Firm**
233 12th Street
Suite 602
Columbus, GA 31901
(706)596-5353
(706)780-1014-fax
johnroper@roperlaw.com

-and-

J. Russ Bryant* (TN BPR No. 33830)
Robert E. Turner, IV* (TN BPR No. 35364)
Robert E. Morelli, III* (TN BPR No. 37004)

15

**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for Plaintiff and the Collective*

*\* Pro Hac Vice application to be filed*